IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEREMY LOCKETT,

                Plaintiff,

v.                                                   OPINION and ORDER

LEBBEUS BROWN, LT TAYLOR, CAPT TOM,         20-cv-339-jdp
and GARY BOUGHTON,

                Defendants.

---

Plaintiff Jeremy Lockett, appearing pro se, alleges that when he was incarcerated at Wisconsin Secure Program Facility, defendant prison officials disciplined him for working with another inmate on a lawsuit about religious discrimination at the prison. I granted Lockett leave to proceed on First Amendment retaliation claims against defendants for retaliating against him by issuing him a conduct report and convicting him of those charges and on Fourteenth Amendment claims for being convicted on less than "some evidence." Dkt. 14. I also discussed, but did not allow Lockett to proceed on, potential religion-based claims under the Religious Land Use and Institutionalized Persons Act or the Free Exercise Clause of the First Amendment. *Id.* at 4–6. Lockett did not raise all of these theories in his complaint, but I considered them anyway because pro se plaintiffs are generally not required to plead legal theories in their complaints. *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005).

Lockett responds with a motion asking me to reconsider my screening order. Dkt. 15. He says that he does not wish to bring claims under most of the theories that I discussed in that order. He wants to keep his First Amendment retaliation claims, but he says that the only other claim he wishes to bring is a due process claim for being convicted of unconstitutionally vague administrative regulations. I've already concluded that his punishment in long-term

segregation is enough to implicate a liberty interest protected by the Due Process Clause. Because Lockett says that he was punished for completely legitimate activities in preparing a religious discrimination lawsuit, I construed his due process claim as one for being convicted without "some evidence" of guilt. Lockett does not want to proceed on that theory. Instead, he says that Wisconsin Administrative Code §§ DOC 303.24(3) ("Group resistance and petitions") and DOC 303.47(2)(a) ("Possession of contraband–miscellaneous") did not put him on notice that his litigation activities were infractions. Section DOC 303.24(3) prohibits inmates from "[p]articipat[ing] in any activity associated with any security threat group or possess[ing] any written materials, symbols or symbolism related to a security threat group" and § DOC 303.47(2)(a) prohibits possession of "[i]tems which are not allowed."

Courts have allowed prisoners to bring due process claims about their discipline under the similarly worded predecessor to § DOC 303.24 for failing to properly alert inmates that their conduct was prohibited. *See Toston v. Thurmer*, 689 F.3d 828, 831–32 (7th Cir. 2012) (gang-activity regulation didn't give fair warning that prisoner was forbidden from copying information from books that could be possessed in prison); *Jones v. Russell*, 149 F. Supp. 3d 1095, 1105 (W.D. Wis. 2015) (entering summary judgment in prisoner's favor on due process claim for being disciplined for preparing and sending an affidavit that prison staff called gang-related). So I will allow Lockett to proceed on due process claims against defendant Lebbeus Brown for issuing him the conduct report, defendants Lieutenant Taylor and Captain Tom for convicting him, and defendant Warden Boughton for affirming the conviction.

ORDER

IT IS ORDERED that:

1. Plaintiff Jeremy Lockett's motion for reconsideration of the court's screening order, Dkt. 15, is GRANTED.

2. Plaintiff is GRANTED leave to proceed with the following claims:

   - Fourteenth Amendment due process claims against defendants Brown, Taylor, Tom, and Boughton.

   - First Amendment retaliation claims against defendants Brown, Taylor, Tom, and Boughton.

Entered November 9, 2020.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge